[No. 945.]

## WALTER S. HOBART, Appellant, v. L. D. WICKS et al., Respondents.

Water Rights—Appropriation of—Conversion at Different Points.— Respondents appropriated the waters of Alder creek, in 1868, for the purpose of operating a V flume, and diverted the water from a point below the lands of appellant. Prior to July, 1872, respondents diverted the water, by means of a branch flume, at a point above the lands of appellant, and since 1872 have diverted the water, sometimes at one point, and sometimes at the other. Appellant became the purchaser of the lands lying on the creek, between the two points of diversion, in October, 1873. The court found that respondents were the owners of the water of the creek, and entitled to use it at either point of diversion: *Held*, correct.

Appeal from the District Court of the Second Judicial District, Washoe County.

The land owned by plaintiff is not agricultural, or grazing land; but is valuable only for the timber growing upon it. On the ninth day of October, 1873, the land was

patented by the state of Nevada, and granted, by its patent, to the grantor of plaintiff.   Alder creek flows in its bed and channel through, over, and upon the lands of plaintiff. Plaintiff never appropriated or used the water of Alder creek for any purpose whatever, and has not any use therefor.   The water, when flowing through plaintiff's land in the channel of the creek, does not irrigate the land, or make it productive.   The plaintiff does not use, or require, the said water for irrigating, or for stock, or domestic purposes.

*Ellis & King*, Attorneys for Appellants:

I. The extent of the presumed right is determined by the user on which is founded the presumed grant, the right granted being commensurate with the right enjoyed. (Angel on Watercourses, sec. 224 *et seq.*)

The diversion of defendant, in 1868, inflicted no appreciable injury upon defendant.

No circumstance attending this diversion, indicated or gave sign of any other intended diversion, to be made higher upon the stream in the future.

Plaintiff was entitled to rely upon the principle, that defendant's user would be the measure of defendant's right, should plaintiff allow it to ripen.

By the diversion of 1872, the entire stream was diverted and led away from plaintiff's lands, and his entire estate, so far as the same depends upon this water, is destroyed by defendant.

Plaintiff was entitled, both in law and morals, and may have been led by a spirit of accommodation, to acquiesce in the diversion of 1868, and yet in the same light be entitled to resist the greater invasion of 1872.

If the right asserted is that of a continuous use, it can only be supported by proof of a continuous user.

If the right asserted is to use the thing for a portion of the time only, there must be proof of a regularly recurring use for that proportion of the time in certain orderly periods.

II. Our non-user confers no right on defendant.   (*Town-*

*send* v. *McDonald,* 2 Kern. 381; *Pillsbury* v. *Moore,* 44 Me.
154; *Haines* v. *Vansickle,* 7 Nev. 249.)

*R. M. Clarke,* for Respondents:

Plaintiff makes no use of the water, and it does not bene-
fit him or his land in any degree. He can not, therefore,
complain of defendant's diversion and use.

Plaintiff had no interest or property in the water by rea-
son of his ownership of the land, and defendant acquired a
perfect right of use by appropriation.

By the Court, BEATTY, C. J.:

This is a suit to enjoin the diversion of a stream of water
from its natural channel upon and across the lands of the
plaintiff.

The cause was tried in the district court, without a jury,
and a judgment rendered in favor of the defendants.

The plaintiff appeals from the judgment and from an
order denying his motion for a new trial.

The only point made in support of the appeal, is that the
conclusions and judgment of the district court are against
the findings of fact, and not supported thereby. The mate-
rial findings of fact are, that the defendants and their prede-
cessors in interest appropriated the waters of Alder creek,
in 1868, for the purpose of operating a V flume for the
transportation of wood, lumber, and timber, from the
mountains to a point on the Pacific railroad near Bronco,
in Washoe county. In that year they diverted the water
from the creek into their flume at a point below the lands
now owned by the plaintiff. Subsequently, and prior to
July, 1872, they constructed a branch flume extending
further up the stream, and in that month diverted the
water of the creek into said branch flume, at a point above
the lands now owned by plaintiff. Since the year 1872, de-
fendants have continued to use both the original flume and
the branch flume as their business required, sometimes di-
verting all the water at the original point of diversion, and
at other times diverting it at the point where it was taken
out in 1872.

The plaintiff became the owner of the lands lying on the creek between the two points of diversion in 1873, after the appropriation of the water by the defendants, and after they had begun to divert it at the upper point, and to use it, as it was convenient to them, to operate either the old flume or the branch flume. Prior to that time said lands were vacant and unoccupied timber lands belonging to the United States.

Upon these facts it is adjudged that the defendants are owners of the water of the creek and entitled to use it, and the whole of it, during the ordinary stages of its flow for the purpose of operating their flumes and the ditches connected therewith.

We can not see that the decree awards to the defendants any greater right than the facts above stated entitle them to. They had acquired by appropriation the right to all the water in the stream before the plaintiff purchased his lands, and while they were still the property of the United States. Defendants had not only appropriated the water for their original flume, but they had constructed their branch flume, and commenced the practice of diverting the water from the channel of the stream at the upper as well as the lower point, as their convenience dictated. If they had a right to do this before plaintiff's purchase—and we see no reason for denying such right—then he has no reason to complain that they continue the practice. What they were doing in 1873, at the date of plaintiff's purchase, they were doing with the express permission of the United States (Stat. July 26, 1866, sec. 9), the then owner of the lands, and plaintiff took subject to their right.

We do not agree with counsel for appellant that there is anything inconsistent in the claim of defendants to divert the water now at one point and now at the other. It may be necessary, and presumably is necessary, to do so in the proper conduct of their business.

The judgment and order appealed from are affirmed.